# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HUNT, Minor.

UNPUBLISHED
June 15, 2017

No. 335550
Lake Circuit Court
Family Division
LC No. 13-001540-NA

Before: GADOLA, P.J., TALBOT, C.J., and GLEICHER, J.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his minor child under MCL 712A.19b(3)(c)(*i*) (the conditions that led to the adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm if the child is returned to the parent). We affirm.

Respondent argues that the trial court clearly erred when it ruled that clear and convincing evidence was presented to establish the statutory grounds for termination and that termination was in the child's best interests. We review for clear error a trial court's decision that a statutory ground has been established by clear and convincing evidence, *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010), and that termination is in the best interests of the child, *In re LaFrance Minors*, 306 Mich App 713, 723; 858 NW2d 143 (2014). A decision is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

The trial court concluded that clear and convincing evidence supported terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). MCL 712A.19b(3)(c)(*i*) provides that a trial court may terminate a parent's rights if "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." This statutory ground exists when the conditions that brought the child into foster care continue to exist despite "time to make changes and the opportunity to take advantage of a variety of services . . . ." *In re Powers Minors*, 244 Mich App 111, 119; 624 NW2d 472 (2000). MCL 712A.19b(3)(g) states that the trial court may terminate parental rights if "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." Finally, MCL 712A.19b(3)(j) provides that the trial court may terminate parental rights if

-1-

"[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

Termination of respondent's parental rights was proper under MCL 712A.19b(3)(c)(*i*). It is undisputed that the order terminating respondent's parental rights was entered more than 182 days after the initial dispositional order was entered. Indeed, the order was entered three years after the initial dispositional order was entered. The condition that led to this adjudication was respondent's continuing substance abuse. The record shows that respondent never successfully addressed this barrier to reunification. During the pendency of this case, respondent was involved in four substance abuse treatment programs, two of which he completed and two of which he was discharged from for rules violations. Although respondent showed progress for a time after his initial incarceration for failing to complete one of the substance abuse treatment programs, he relapsed within weeks of being released on parole after completing an outpatient substance abuse treatment program, and withdrew from any involvement with his son. Respondent was ordered to enter a third substance abuse treatment program, but was discharged from this program for a rules violation. He was then incarcerated before entering a fourth substance abuse treatment program, in which he remained at the time of the termination hearing, with a release date several months in the future. Given this history, the court correctly concluded that there was no reasonable likelihood that respondent could successfully rectify his substance abuse, and its attendant impact on his son, within a reasonable time considering the child's age.

Only one statutory ground need be established by clear and convincing evidence in order to terminate a respondent's parental rights. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). Nonetheless, we further conclude that the evidence was sufficient to support termination under MCL 712A.19b(3)(g) and (j), considering respondent's history of substance abuse, his failure to maintain stable employment and suitable housing throughout the proceedings, and his inconsistent interactions with his son.

A trial court must order termination of parental rights if a statutory ground for termination is established by clear and convincing evidence and the trial court finds by a preponderance of the evidence that termination is in the child's best interests. MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In making a best-interest determination, the court may consider a variety of factors, including the parent's history, parenting ability, and participation in treatment programs, the child's age and bond to the parent, the foster-care environment, and the child's need for permanency, stability, and finality. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012); *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011).

At the time of the termination hearing, the child was six years old and had been in foster care in at least three different placements for over three years. The trial court waited more than two years for respondent to complete substance abuse treatment programs and to be released from prison. When respondent was released from prison and began parenting time and play therapy with the child, two service providers and the child's guardian ad litem supported the goal of reunification. However, after just ten weeks of parenting time/play therapy, and just a number of weeks after completing outpatient substance abuse treatment, respondent relapsed, stopped communicating with the caseworker, and stopped attending parenting time/play therapy. At this point, the therapist directing the play therapy sessions could no longer support reunification

efforts. She opined that the child would be further damaged if respondent entered his life and disappeared again. She indicated that three years in foster care is too long and that the child needed stability and permanency in order to address his significant attachment issues. The trial court did not err in concluding that termination of respondent's parental rights was in the child's best interests.

Affirmed.


/s/ Michael F. Gadola
/s/ Michael J. Talbot
/s/ Elizabeth L. Gleicher